IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLAYTON YOUNG and AMBER YOUNG,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF COMMERCE,

    Defendant.

Case No. 6:19-cv-01352-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

Plaintiff Clayton Young and his wife, Amber Young, filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, after Mr. Young sustained an injury while working at the National Oceanic and Atmospheric Administration ("NOAA") Marine Operations Center in Newport, Oregon. Pls.' Compl. 6–7., ECF No. 1. Defendant, the United States, moves to dismiss Plaintiffs' claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Def.'s Mot. 1, ECF No. 10. Because Plaintiffs' claims are barred by the doctrine of workers' compensation exclusivity, Defendant's Motion to Dismiss (ECF No. 10) is GRANTED.

## BACKGROUND

Mr. Young worked as a security guard for Defense Contracting Activity, LLC ("DCA"), which contracts with the NOAA to provide unarmed security services. Pls.' Compl. 3. Plaintiffs allege that Mr. Young sustained an ankle injury during a slip and fall accident on a boat ramp at the Marine Operations Center on December 15, 2016. *Id.* at 4. Plaintiffs filed a workers' compensation claim through DCA's insurance carrier and received $51,450.25. Def.'s Mot. 2.

1 – OPINION AND ORDER

Plaintiffs filed this action on August 23, 2019, alleging that the United States failed to adequately maintain the boat ramp. Pls.' Compl. 5.

## STANDARDS

District courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). It is presumed that a district court lacks jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the allegations in the complaint are insufficient to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Additionally, when a factual dispute exists, the defendant may introduce evidence outside the pleadings in support of a 12(b)(1) motion to dismiss. *Id.* at 1039. When the defendant introduces extrinsic evidence in support of its motion, the burden shifts to the plaintiff to show that federal subject matter jurisdiction is met. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## DISCUSSION

The FTCA gives individuals a cause of action against the United States for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). A claim is not payable under the FTCA, however, if it is for the personal injury of a contract employee who receives benefits under any workers' compensation law (and the insurance provisions are "retrospective and charge an allowable expense to a cost-type contract") or if state law precludes such an action. 32 C.F.R. § 536.46(a).

Oregon law provides workers' compensation benefits to employees when they suffer injury in the course of employment and their employer carries workers' compensation coverage. Or. Rev. Stat. Ann. § 656.018(1)(a); Or. Rev. Stat. Ann. § 656.017(1). The definition of "employer" includes "public corporations or political subdivisions, that contracts to pay a remuneration for and secures the right to direct and control the services of any person." Or. Rev. Stat. Ann. § 656.005(13)(a). A "right to direct and control" usually exists where the contracted employer sets the employee's hours and shifts, controls the employee's work location, establishes procedures, and maintains the power to terminate the employee, among other things. *See Gibson v. Safeway Stores, Inc.*, 307 Or. 120, 122 (1988). The doctrine of workers' compensation exclusivity applies to normal employer-employee relationships as well as worker leasing companies and the workers they provide to their clients. Or. Rev. Stat. Ann. § 656.018(4). A worker leasing company provides workers by contract for a fee to work for a client. Or. Rev. Stat. Ann. § 656.850(1)(a). Oregon law generally requires that the worker leasing company maintain workers' compensation coverage when it provides workers to a client. Or. Rev. Stat. Ann. § 656.850(3).

Here, Plaintiffs' claim is barred by the doctrine of workers' compensation exclusivity. The FTCA explicitly bars contract employees from seeking relief for personal injury when they receive benefits under any workers' compensation law. 32 C.F.R. § 536.46(a). Additionally, Oregon state law bars Plaintiffs' claim because DCA and the United States have a worker leasing company-client relationship. DCA contracted with the United States to provide unarmed security guards in exchange for a fee. Sharma Decl. Att. 1, at 2, ECF No. 10-1. The contract Defendant provided the Court further corroborates this and Plaintiffs have failed to allege facts suggesting otherwise. *See* Sharma Decl. Att. 1, at 1-2. This Court accordingly lacks subject matter

jurisdiction over Plaintiffs' claims. Whether the NOAA qualifies as a co-employer and maintained "the right to control" Mr. Young is a highly factual inquiry that need not concern the Court at this time.

## **CONCLUSION**

Defendant's Motion to Dismiss (ECF No. 10) is GRANTED.

IT IS SO ORDERED.

DATED this 4th day of February, 2020.

                                              ____s/Michael J. McShane_____
                                                        Michael McShane
                                            United States District Judge